UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| REX CUNNINGHAM, | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-30076-MAP |
| | ) | |
| J. GRONDOLSKY and | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondents | ) | |
| | | |
| | | |
| REX CUNNINGHAM, | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-30077-MAP |
| | ) | |
| JEFFREY GRONDOLSKY, | ) | |
| Respondent | ) | |

REPORT AND RECOMMENDATION WITH REGARD TO
RESPONDENTS' MOTION TO DISMISS (Document No. 6 in Civil
Action No. 10-30076; Document No. 4 in Civil Action No. 10-30077)
September 16, 2010

NEIMAN, U.S.M.J.

    Purportedly acting pursuant to one section of the *habeas corpus* statute, 28

U.S.C. § 2241 ("Section 2241"), Rex Cunningham ("Petitioner"), a federal inmate in

Ohio proceeding *pro se*, filed these parallel civil actions on April 19, 2010, against his

warden and the United States of America (together "Respondents").[1]  For the following

reasons, the court will recommend to District Judge Michael A. Ponsor that the petitions

be dismissed.

_____

    [1] Technically, the United States of America was named only in Civil Action No.
10-30076 (hereinafter "the first action") but not in Civil Action No. 10-30077 (hereinafter
"the second action").  The United States Attorney's Office, however, has entered an
appearance on behalf of both Respondents in both actions.

A brief background is in order.  On June 1, 2010, Judge Ponsor referred to this court Petitioner's "Emergency Motion Due to 'Extreme Extraordinary Circumstances'" (Document No. 2), which he filed in conjunction with his petition in the first action.  *See* 28 U.S.C. § 636(b)(1)(A).  On that same day, Judge Ponsor also referred the underlying petition in the second action to this court, presumably for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B).  Both petitions involve the same basic complaint, *i.e.*, that Petitioner's federal sentence, imposed on him in October of 1998, *see* Criminal Action No. 95-30009, was tainted by ineffective assistance of counsel and prosecutorial misconduct.  Petitioner also appears to assert that he ought not have been transferred out of Massachusetts and that, recently, he was denied early release to a halfway house.

Upon reviewing Petitioner's Emergency Motion and Respondents' Omnibus Opposition to both that motion and Petitioner's various other filings (Document No. 6 in the first action and Document No. 4 in the second action), this court soon realized that much of Respondents' Omnibus Opposition involves, essentially, a request to dismiss the petitions for myriad substantive and procedural reasons.  Accordingly, on July 28, 2010, the court entered orders notifying the parties that Respondents' Omnibus Opposition was deemed to be a Motion to Dismiss both petitions.  Continuing, the court noted what appeared to be at least four fatal flaws in the petitions and specifically ordered Petitioner to address those flaws no later than August 31, 2010.  (See July 28, 2010 Electronic Orders.)

Since the time for Petitioner's response has passed without any further filing, the court has little choice but to recommend that the petitions be dismissed for the multiple

2

reasons about which Petitioner has already been warned.  First, Petitioner has not

demonstrated why 28 U.S.C. § 2255 ("Section 2255") is an "inadequate or ineffective"

remedy for the *habeas* relief he seeks (an order vacating the sentence imposed in

Criminal Action No. 95-30009) such that the court should even entertain his Section

2241 petitions.  As Respondents argue, while Section 2241 provides a limited avenue

for *habeas* relief for federal prisoners, "Section 2255 has largely supplanted Section

2241 [such that] federal prisoners can file [Section 2241] *habeas corpus* petitions only

where (1) Section 2255 by its terms does not apply . . . or (2) Section 2255 is held to be

'inadequate or ineffective.'"  (Respondents' Omnibus Opposition at 53-54 (citing, *inter*

*alia*, *Felker v. Turpin*, 518 U.S. 651, 659-60 (1996); *United States v. Hayman*, 342 U.S.

205, 211-12 & nn. 10, 11 (1952); *United States v. Barrett*, 178 F.3d 34, 50 n. 10 (1st Cir.

1999); and 28 U.S.C. § 2255(e)).)

Second, as Respondents note, Petitioner has not shown why jurisdiction over his

petitions ought not reside in the Ohio district in which he is confined.  *See generally*

*Hooker v. Sivley*, 187 F.3d 680 (5th Cir. 1999).  Third, as the court specifically informed

Petitioner in its July 28th orders, the burden is on him to demonstrate why his petitions

ought not be dismissed as untimely, their having been filed well beyond the one year

period authorized in 28 U.S.C. § 2255(f).  Petitioner has not attempted to carry that

burden here.  Fourth, this court also specifically informed Petitioner that it is his burden

to show why the petitions ought not be dismissed as impermissible second or

successive petitions under 28 U.S.C. § 2255(h), inasmuch as his prior petitions and

motions were all resolved against him some time ago (see Criminal Action No. 95-

30009, Civil Action No. 02-30047, and Civil Action No. 08-30170).  Again, Petitioner has

not attempted that showing here.

Finally, the court notes that Petitioner has made no argument whatsoever in response to Respondents' request to dismiss his purported challenge to both (1) the transfer to Ohio or (2) the denial of release to a halfway house.  Regarding the former, Respondents make a compelling argument (supported by an exhibit) that there were legitimate reasons for the transfer -- *i.e.*, to increase bed space for "Level 1, 3 and 4" inmates -- and that many "Level 2" inmates such as Petitioner were designated for transfer.  (See Omnibus Opposition at 61-62, Ex. A.)  Regarding the latter, Respondents again persuasively show (also supported by exhibits) that early release to a halfway house is not mandatory, that the warden has recently determined that Petitioner, in fact, will be released 150 to180 days prior to his release date, and that this determination was recently reaffirmed by a new prison team.  (See *id.* at 63, Exs. B, C.)

In the end, given Respondents' compelling arguments for dismissal and Petitioner's lack of any response whatsoever, this court will recommend that Respondents' Omnibus Opposition -- construed as a Motion to Dismiss both petitions -- be ALLOWED.[2]

--------

[2]  The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir.

DATED: September 16, 2010

 /s/ Kenneth P. Neiman  
KENNETH P. NEIMAN  
U.S. Magistrate Judge

---

1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.